In the
# Texas Court of Criminal Appeals
## at Austin

81,958-01,02

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 09 2015

Abel Acosta, Clerk

Sean Weisner,
applicant,

vs.

the State of Texas,
Respondent.

Case Numbers:
WR-81,958-01 & 02

MOTION DENIED
DATE: 4-2-15
BY: PC

## Motion for Extension of Time to File a Motion for Rehearing

To the Honorable Judges of the Court of Criminal Appeals:

Comes Now Sean Weisner TDC #01718500, hereinafter referred to as applicant in the above-entitled and numbered cause who submits Pro Se this "Motion for Extension of Time to File a Motion for Rehearing" pursuant Rules 10.5(b) and 79.6 of Texas Rules of Appellate Procedure, and in support would show the following:

1.) On 2-04-2015 this Court denied without written order Applicant's state writ of habeas corpus that he filed under the provisions of Article 11.07 of the Texas

-1-

Code of Criminal Procedure.

2.) The Notice this Court sent Applicant REGARDING that decision was post-marked 2-09-2015, and was not actually received until the twelfth (12th).

3.) Applicant, has until 3-06-2015 to submit this motion in order for it to be timely; Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998), "a petition should be deemed 'filed' when petition is handed over to prison authorities for mailing."

4.) Applicant, is entirely indigent by every definition of the phrase, he has absolutely no means to hire or retain proper representation or assistance. Such responsibility (by necessity) falls squarely upon his own shoulders as a Pro Se litigant.

5.) Applicant, is a layman untaught or schooled in law who is forced — by his circumstances of being incarcerated — to utilize a deficient prison unit law library that is greatly understaffed and scheduling is anything but reliable.

6.) Applicant, is required to work and to perform other task designated by prison officials which interferes with his ability to invest time at his own leisure or choosing in order to construct a worthy argument for this Court's consideration.

-2-

7.) Applicant, strongly feels this Court's reliance on the fact finding and conclusions of the trial Court is in direct violation and run contrary to their very own position or precedence set in other similar cases, Not to even mention the rulings by the U.S. Supreme Court.

8.) For all the reasons mentioned within this motion Applicant has 'reasonably explained' his need for additional time to enable him to perfect a proper presentation for this Court to review. . . taking into account the colossal task Applicant has to over'come in a very short period sixty (60) extra days is not excessive.

Under the circumstances, it is a quite realistic and fair request of the Court.

Stangel v. Parker, 945 S.W. 2d 114 (1997), the Supreme Court ruled: "If party timely moves for time extension to file its motion for rehearing and reasonably explains need for extension, appellate court must grant motion. Rule App. Proc. Rule 100 (G). Stangel is entitled to file a motion for rehearing and to have the court of appeals rule on its merits."

Nolan v. Ramsey, 783 S.W. 2d 212 (Tex. 1990), Denial of Motion to extend time for filing motion for rehearing was abuse of discretion where ground given was reasonable. Texas Supreme Court

Accord Anderson v. Coleman, 626 S.W. 2d 301 (1981).

-3-

<u>Rios v. Calhoon</u>, (Supp. 1994) 889 S.W. 2d 257,
   Court of Appeals abused its discretion in overruling
indigent appellant's motion for extension of time to file
brief; appellant reasonably explained need for extension
and there was no showing that appellee would suffer a
material injury if extension was allowed. Rule 73 (h)

<u>McCray v. Maryland</u>, 456 F. 2d at 6, ("Of what avail
is it to the individual to arm him with a panoply of
constitutional rights if, when he seeks to vindicate them,
the courtroom can be hermetically sealed against him
by a functionary who, by refusal or neglect, impedes
the filing of his papers?")

      Wherefore, Premises Considered, Applicant
Sean Weisner, humbly prays for an extension of time
in order to file a motion for rehearing with this court,
Grant Applicant Sixty (60) additional days
(ending no earlier than <u>April 5, 2015</u>) and Grant
him any other relief to which he might rightfully be
entitled.

                    Respectfully Submitted,

                    _Sean Weisner_
                    _____
                    SEAN WEISNER
                    01718500 Stiles
                    3060 FM 3514
                    Beaumont, Tx.

                              77705

-4-

## Certificate of Service

I do so certify that a true-correct copy of the preceeding "Motion for Extension of Time to File a Motion for Rehearing" is being properly served by first class mail (via the prison unit mailroom) by Applicant dropping them in the unit mailbox on this:
Monday morning, March 2, 2015
addressed to:

Gary Fitzsimmons
District Clerk
Frank Crowley Courts Bldg.
133 N. Riverfront, LB 12
Dallas, Texas 75207-4313

Sean Weisner
01718500 Stiles
3060 FM 3514
Beaumont, Tx.
77705

-5-